1 | LANDAU GOTTFRIED & BERGER LLP
2 | MICHAEL I. GOTTFRIED (State Bar No. 151456)
mgottfried@lgbfirm.com
PETER M. BRANSTEN (State Bar No. 113352)
3 | pbransten@lgbfirm.com
1801 Century Park East, Suite 700
4 | Los Angeles, California  90067
Telephone: (310) 557-0050
5 | Facsimile: (310) 557-0056

6 | PAUL HASTINGS LLP
CYNTHIA M. COHEN (State Bar No. 93639)
7 | cynthiacohen@paulhastings.com
515 South Flower Street, 25th Floor
8 | Los Angeles, California 90071
Telephone: (213) 683-6000
9 | Facsimile: (213) 627-0705

10 | Attorneys for Plaintiff, Richard K. Diamond, Chapter 7 Trustee

11 | **UNITED STATES BANKRUPTCY COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **RIVERSIDE DIVISION**

*(left margin, vertical text)* LANDAU GOTTFRIED & BERGER LLP · ATTORNEYS AT LAW · LOS ANGELES, CALIFORNIA

| | |
|---|---|
| In re<br><br>EMPIRE LAND, LLC, *et al.*,[1]<br><br>Debtors. | Case No.: 6:08-14592-MJ<br><br>Chapter 7<br><br>[Substantively Consolidated with Case Nos.:  08-14599, 08-14604, 08-14608, 08-14611, 08-14613, 08-14614, and 08-14615] |
| RICHARD K. DIAMOND, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>EMPIRE PARTNERS, INC., a California Corporation; JAMES P. PREVITI, an individual; PREVITI REALTY FUND, L.P., a California limited partnership; THE JAMES PREVITI FAMILY TRUST; and DOES 1 through 50, each an unknown entity,<br><br>Defendants. | Adv. No. 6:10-1329-MH<br><br>**DECLARATION OF CYNTHIA M. COHEN IN SUPPORT OF TRUSTEE'S MOTION FOR PROTECTIVE ORDER AND TRUSTEE'S APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**<br><br>**Hearing Date and Time:**<br>Date:    [To be Set]<br>Time:    [To be Set]<br>Place:    Courtroom 303<br>            3420 Twelfth Street<br>            Riverside, CA 92501 |

---

[1]  The Debtors are:  Empire Land, LLC; Aviat Homes, L.P.; Empire Construction, L.P.; Empire Global Holdings, L.P.; Empire Residential Construction, L.P.; Empire Residential Sales, L.P.; Prestige Homes, L.P.; and Wheeler Land, L.P.

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### DECLARATION OF CYNTHIA M. COHEN

I, Cynthia M. Cohen, declare:

1. All facts set forth herein are known by me to be true as a matter of personal knowledge.

2. I am an attorney admitted to practice in the State of California and before this Court. I am Of Counsel to Paul Hastings, lead trial counsel for plaintiff Richard K. Diamond, the Chapter 7 trustee (the "Trustee") for the substantively consolidated estates of Empire Land, LLC; Aviat Homes, L.P.; Empire Construction, L.P.; Empire Residential Sales, L.P.; Prestige Homes, L.P.; and Wheeler Land, L.P. (the "Debtors"), in the following adversary proceedings: *Diamond v. Empire Partners, Inc.*, Adv. No. 6:09-ap-01235-MH ("EPI-1"); *Diamond v. Empire Partners, Inc., et al.*, Adv. No. 6:10-ap-01319-MH ("EPI-2"); and *Diamond v. Empire Partners, Inc., et al.*, Adv. No. 6:10-ap-01329-MH ("EPI-3").

3. I submit this declaration in support of the concurrently-filed *Motion For Protective Order* and *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)]*.

4. On May 22, 2014, Defendants served six notices of deposition – three for the Trustee in his individual capacity and three for the "estates of the substantively consolidated Debtors" in EPI-1, EPI-2, and EPI-3.

5. Attached hereto as Exhibit 1 is the "Notice of Deposition of the Estates of the Substantively Consolidated Debtors" in EPI-1.

6. Attached hereto as Exhibit 2 is the "Notice of Deposition of Richard K. Diamond" in EPI-1.

7. Attached hereto as Exhibit 3 is the "Notice of Deposition of the Estates of the Substantively Consolidated Debtors" in EPI-2.

8. Attached hereto as Exhibit 4 is the "Notice of Deposition of Richard K. Diamond" in EPI-2.

9. Attached hereto as Exhibit 5 is the "Notice of Deposition of the Estates of the Substantively Consolidated Debtors" in EPI-3.

10.     Attached hereto as Exhibit 6 is the "Notice of Deposition of Richard K. Diamond" in EPI-3.

11.     On or about May 29, 2014, I told Defendants' counsel, Jonathan Loeb, that the deposition notices were problematic. I told him that the Trustee had to be out of town on June 12 and 13 and although he would be in town on June 17, he had a commitment on that date that he could reschedule but preferred not to reschedule. I told him that the Trustee would be available on June 18 and I proposed that date. I followed up my conversation with Mr. Loeb with an e-mail on June 4, 2014, in which I repeated what I had told Mr. Loeb in our May 29 conversation. Attached hereto as Exhibit 7 is a true and correct copy of my June 4, 2014 e-mail to Mr. Loeb.

12.     Attached hereto as Exhibit 8 is a true and correct copy of my June 6, 2014 e-mail to Mr. Loeb.

13.     Attached hereto as Exhibit 9 is a true and correct copy of Mr. Loeb's June 8, 2014 e-mail to me.

14.     Attached hereto as Exhibit 10 is a true and correct copy of Mr. Loeb's June 10, 2014 e-mail to me.

15.     In Mr. Loeb's June 10, 2014 e-mail to me, Mr. Loeb told me that my offer to make the Trustee available for a deposition on June 18 is problematic. Mr. Loeb asked that I propose a date during the week of June 23.

16.     Attached hereto as Exhibit 11 is a true and correct copy of my June 10, 2014 e-mail to Mr. Loeb.

17.     In my June 10, 2014 e-mail to Mr. Loeb, I told him that the Trustee is available for a deposition on June 25, 2014.

18.     Attached hereto as Exhibit 12 is a true and correct copy of a letter dated June 16, 2014 from Jeffrey Rosenfeld to Peter M. Bransten and me.

19.     The lay discovery cutoff in the EPI-1, EPI-2, and EPI-3 cases is currently June 20, 2014, having been extended previously from June 6, 2014 at the request of Defendants. The parties have agreed to extend the lay discovery cutoff to June 25, 2014 for the purpose of allowing

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

Defendants to take the Trustee's deposition and to July 2, 2014 for the purpose of allowing the

Trustee to take the deposition of James P. Previti.

20.    On June 17, 2014, Defendants served amended notices of the Trustee's deposition in

his individual capacity.  Defendants have not served amended Rule 30(b)(6) notices.

I declare under penalty of perjury that the foregoing is true and correct and, if called as a

witness, I could and would testify competently to the facts set forth herein.

Executed this 19th day of June, 2014, at Los Angeles, California.

_____
Cynthia M. Cohen

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

EXHIBIT 1

1   BINGHAM MCCUTCHEN LLP
    Jonathan A. Loeb (SBN 162758)
2   jon.loeb@bingham.com
    Jeffrey Rosenfeld (SBN 221625)
3   jeffrey.rosenfeld@bingham.com
    1601 Cloverfield Boulevard, Suite 2050 North
4   Santa Monica, CA  90404
    Telephone:  310.907.1000
5   Facsimile:   310.907.2000

6   Attorneys for Defendant
    Empire Partners, Inc.

7

8                    UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

10  In re EMPIRE LAND, LLC, et al.,          Bk. No. 6:08-14592-MJ
                                             (Substantively Consolidated)
11          Debtors.                         Chapter 7

12                                           Adv. No. 6:09-ap-1235-MH

13  RICHARD K. DIAMOND, Chapter 7 Trustee,   **DEFENDANT'S NOTICE OF
                                             DEPOSITION OF THE ESTATES OF
14          Plaintiff,                       THE SUBSTANTIVELY
                                             CONSOLIDATED DEBTORS**
15          v.

16  EMPIRE PARTNERS, INC. a California       Date:        June 12, 2014
    corporation, and DOES 1 through 100,     Time:        10:00 a.m.
17  inclusive,                               Location:    Bingham McCutchen LLP
                                                          1601 Cloverfield Suite 2050-N
18          Defendants.                                   Santa Monica, CA 90404

19                                           Judge:       Hon. Mark D. Houle

20

21

22

23

24

25

26

27

28

                    DEFENDANT'S NOTICE OF DEPOSITION OF THE
              ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS
A/76184111.1

**EXHIBIT 1**
**4**

**NOTICE OF DEPOSITION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF the substantively consolidated estates of debtors Empire Land, LLC, Aviat Homes, L.P., Empire Construction, L.P., Empire Global Holdings, L.P., Empire Residential Construction, L.P., Empire Residential Sales, L.P., Prestige Homes, L.P., and Wheeler Land, L.P. (the "Debtors") will be taken at the offices of Bingham McCutchen LLP, 1601 Cloverfield Blvd., Suite 2050-N, Santa Monica, California, commencing at 10:00 a.m., or as soon thereafter as is reasonably possible, on June 12, 2014.

YOU ARE FURTHER NOTIFIED THAT the deponent is not a natural person. The matters on which the deponent will be examined are as follows:

1.       With respect to each transfer alleged in the first amended complaint in this adversary proceeding: (a) the date of the transfer; (b) whether money actually moved with respect to each transfer, and if so to and from where; (c) the identity of the initial transferee and each subsequent transferee; (d) how long those funds remained in the bank account of defendant, if at all; (e) whether the defendant served as a conduit with respect to the transfer; (f) whether any Debtor received a transfer from the defendant on the date of each alleged transfer and in what amount; (g) the accounting for each alleged transfer; and (h) any loss suffered by the Debtors as a result of the alleged transfer.

2.       The amounts Debtors received in loans for each month from December 2006 through December 2008, including but not limited to each specific loan, from each of: (a) James P. Previti; (b) The James Previti Family Trust; (c) Previti Realty Fund, LP; (d) Guardian Investment Capital, LLC; (e) Guardian Commercial Real Estate, LP, f/k/a Empire Commercial Real Estate, LP; and (f) Empire Partners, Inc., and whether each loan was repaid.

3.       The amount Debtors received in capital contributions for each month from December 2006 through December 2008, including but not limited to each specific capital contribution, from each of : (a) James P. Previti; (b) The James Previti Family Trust; (c) Previti Realty Fund, LP; (d) Guardian Investment Capital, LLC; (e) Guardian Commercial Real Estate,

1

DEFENDANT'S NOTICE OF DEPOSITION OF THE
ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS

A/76184111.1

**EXHIBIT 1**
5

1    LP, f/k/a Empire Commercial Real Estate, LP; and (f) Empire Partners, Inc.

2        4.     All services provided by EPI to any Debtors during the time period at issue in the

3    first amended complaint in this adversary proceeding.

4        5.     Evidence, if any exists, that the Debtors did not receive reasonably equivalent

5    value in exchange for each alleged transfer in the first amended complaint in this adversary

6    proceeding.

7        6.     Evidence, if any exists, that each of the transfers alleged in the first amended

8    complaint was not made for reasonably equivalent value.

9        7.     Evidence, if any exists, that each of the transfers alleged in the first amended

10   complaint was made with the intent to hinder, delay or defraud any creditor of any Debtor.

11       8.     Evidence, if any exists, that each of the transfers by Empire Land, LLC alleged in

12   the first amended complaint was made in violation of Empire Land, LLC's operating agreement

13   and/or Sections 17254 or 17353.

14       9.     Evidence, if any exists, that each of the transfers by Aviat Homes, L.P. alleged in

15   the first amended complaint was made in violation of any of: (a) Aviat Homes, L.P.'s partnership

16   agreement; (b) California Corporations Code sections 15907.08(a), (b)(1) or (2); or (c) California

17   Corporations Code sections 19505.08(a), (b)(1) or (2).

18       10.    Evidence, if any exists, that each of the transfers by Empire Global Holdings, L.P.

19   alleged in the first amended complaint was made in violation of any of: (a) Empire Global

20   Holdings, L.P.'s partnership agreement; (b) California Corporations Code sections 15907.08(a),

21   (b)(1) or (2); or (c) California Corporations Code sections 19505.08(a), (b)(1) or (2).

22       11.    Evidence, if any exists, of any conspiracy alleged in the first amended complaint

23   in this adversary proceeding, including the identities of each conspirator.

24       12.    Evidence, if any exists, of any aiding and abetting as alleged in the first amended

25   complaint in this adversary proceeding, including the identities of each individual involved in the

26   aiding and abetting.

27       13.    Evidence of whether each of the Debtors was solvent on the day of each of the

28   alleged transfers.

2

DEFENDANT'S NOTICE OF DEPOSITION OF THE
ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS

A/76184111.1

**EXHIBIT 1**

6

14.    Evidence, if any exists, with respect to each of the transfers alleged in the complaint, that each transfer was intended to benefit Empire Partners, Inc.

The testimony will be recorded by audiovisual means, and the instant visual display of testimony through the use of Live Note or other real time transcription service will be employed.

A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.

DATED:  May 22, 2014

BINGHAM MCCUTCHEN LLP

By: _____
Jessica A. Mahon Scoltes
Attorneys for
Defendant Empire Partners, Inc.

3

DEFENDANT'S NOTICE OF DEPOSITION OF THE
ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS

A/76184111.1

EXHIBIT 1
7

1

**PROOF OF SERVICE** - Adv. No. 6:09-ap-1235 -MH

2

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is Bingham McCutchen LLP, 1601 Cloverfield Boulevard, Suite 2050 North, Santa Monica, CA 90404.

3

4

On May 22, 2014, a true and correct copy of the foregoing document described as:

5

**DEFENDANTS' NOTICE OF DEPOSITION OF
THE ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS**

6

will be served or was served in the manner indicated below:

7

8

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 22, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

9

10

☐ Service information continued

11

on attached page

12

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**
(indicate method for each person or entity served):

13

14

**VIA EMAIL AND U.S. MAIL**
Roye Zur, Esq.
**LANDAU GOTTFRIED & BERGER LLP**
1801 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: 310-557-0050
Facsimile: 310-557-0056
Email: rzur@lgbfirm.com

15

16

17

18

**VIA EMAIL AND U.S. MAIL**
Peter M. Bransten, Esq.
**LANDAU GOTTFRIED & BERGER LLP**
One Bush Street, Suite 600
San Francisco, CA 94101
Telephone: 415-956-1630
Facsimile: 415-399-9480
Email: pbransten@lgbfirm.com

19

20

21

22

**VIA EMAIL AND U.S. MAIL**
Cynthia Cohen, Esq.
**PAUL HASTINGS JANOFSKY & WALKER LLP**
515 So. Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Telephone:    213-683-6275
Facsimile:    213-627-0705
cynthiacohen@paulhastings.com

23

24

25

26

27

28

PROOF OF SERVICE

A/76187754.1

**EXHIBIT 1**
**8**

1    **III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**
     (indicate method for each person or entity served): Pursuant to Fed. R. Civ. P. 5 and/or
2    controlling LBR, on May 22, 2014, I served the following person(s) and/or entity(ies) by
     personal delivery, or (for those who consented in writing to such service method), by facsimile
3    transmission and/or email as follows.  Listing the judge here constitutes a declaration that
     personal delivery on the judge will be completed no later than 24 hours after the document is
4    filed.  See above at Section II.

5
     I declare under penalty of perjury under the laws of the United States of America that the
6    foregoing is true and correct.

7
     May 22, 2014              DONNA MCGEE
8    Date                      Type Name                      Signature

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         2

A/76187754.1

EXHIBIT 1
9

EXHIBIT 2

1  BINGHAM MCCUTCHEN LLP
   Jonathan A. Loeb (SBN 162758)
2  jon.loeb@bingham.com
   Jeffrey Rosenfeld (SBN 221625)
3  jeffrey.rosenfeld@bingham.com
   1601 Cloverfield Boulevard, Suite 2050 North
4  Santa Monica, CA 90404
   Telephone: 310.907.1000
5  Facsimile: 310.907.2000

6  Attorneys for Defendant
   Empire Partners, Inc.

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

10  In re EMPIRE LAND, LLC, et al.,         Bk. No. 6:08-14592-MJ
                                            (Substantively Consolidated)
11          Debtors.                        Chapter 7

12  ───────────────────────────────        Adv. No. 6:09-ap-1235-MH

13  RICHARD K. DIAMOND, Chapter 7 Trustee,  **DEFENDANT'S NOTICE OF
                                            DEPOSITION OF RICHARD K.
14          Plaintiff,                       DIAMOND**

15      v.
                                            Date:      June 12, 2014
16  EMPIRE PARTNERS, INC. a California       Time:      2:30 p.m.
    corporation, and DOES 1 through 100,    Location:  Bingham McCutchen LLP
17  inclusive,                                         1601 Cloverfield Suite 2050-N
                                                       Santa Monica, CA 90404
18          Defendants.
                                            Judge:     Hon. Mark D. Houle
19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────
       DEFENDANT'S NOTICE OF DEPOSITION OF RICHARD K. DIAMOND

A/76187726.1

**EXHIBIT 2**
**10**

**NOTICE OF DEPOSITION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF Richard K. Diamond will be taken at the offices of Bingham McCutchen LLP, 1601 Cloverfield Blvd., Suite 2050-N, Santa Monica, California, commencing at 2:30 p.m., or as soon thereafter as is reasonably possible, on June 12, 2014.

YOU ARE FURTHER NOTIFIED THAT the testimony will be recorded by audiovisual means, and the instant visual display of testimony through the use of Live Note or other real time transcription service will be employed.

A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.

DATED:  May 22, 2014

BINGHAM MCCUTCHEN LLP

By: _____
Jessica A. Mahon Scoltes
Attorneys for
Defendant Empire Partners, Inc.

1

DEFENDANT'S NOTICE OF DEPOSITION OF RICHARD K. DIAMOND

A/76187726.1

**EXHIBIT 2**
11

| | |
|---|---|
| 1 | **PROOF OF SERVICE** - Adv. No. 6:09-ap-1235 -MH |
| 2 | I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is Bingham McCutchen LLP, 1601 Cloverfield Boulevard, Suite 2050 North, |
| 3 | Santa Monica, CA 90404. |
| 4 | On May 22, 2014, a true and correct copy of the foregoing document described as: |
| 5 | **_DEFENDANTS' NOTICE OF DEPOSITION OF RICHARD K. DIAMOND** |
| 6 | will be served or was served in the manner indicated below: |
| 7 | **I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** |
| 8 | Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 22, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined |
| 9 | that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below: |
| 10 | ☐  Service information continued |
| | on attached page |
| 11 | |
| 12 | **II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**<br>(indicate method for each person or entity served): |
| 13 | VIA EMAIL AND U.S. MAIL<br>Roye Zur, Esq. |
| 14 | LANDAU GOTTFRIED & BERGER LLP |
| 15 | 1801 Century Park East, Suite 700<br>Los Angeles, CA 90067<br>Telephone:  310-557-0050 |
| 16 | Facsimile:  310-557-0056<br>Email: rzur@lgbfirm.com |
| 17 | |
| 18 | VIA EMAIL AND U.S. MAIL<br>Peter M. Bransten, Esq.<br>LANDAU GOTTFRIED & BERGER LLP |
| 19 | One Bush Street, Suite 600<br>San Francisco, CA 94101 |
| 20 | Telephone:  415-956-1630<br>Facsimile:  415-399-9480 |
| 21 | Email:  pbransten@lgbfirm.com |
| 22 | VIA EMAIL AND U.S. MAIL<br>Cynthia Cohen, Esq. |
| 23 | PAUL HASTINGS JANOFSKY & WALKER LLP |
| 24 | 515 So. Flower Street, 25th Floor<br>Los Angeles, CA 90071-2228<br>Telephone:    213-683-6275 |
| 25 | Facsimile:    213-627-0705<br>cynthiacohen@paulhastings.com |
| 26 | |
| 27 | |
| 28 | |

PROOF OF SERVICE

A/76187754.1

EXHIBIT 2
12

1  **III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**
   (indicate method for each person or entity served): Pursuant to Fed. R. Civ. P. 5 and/or
2  controlling LBR, on May 22, 2014, I served the following person(s) and/or entity(ies) by
   personal delivery, or (for those who consented in writing to such service method), by facsimile
3  transmission and/or email as follows.  Listing the judge here constitutes a declaration that
   personal delivery on the judge will be completed no later than 24 hours after the document is
4  filed.  See above at Section II.

5
   I declare under penalty of perjury under the laws of the United States of America that the
6  foregoing is true and correct.

7
   May 22, 2014                      DONNA MCGEE
8  ─────────────────         ─────────────────────        ─────────────────────
   Date                              Type Name                        Signature

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              2
   ───────────────────────────────────────────────────────────────────

   A/76187754.1

                                    **EXHIBIT 2**
                                         13

EXHIBIT 3

1    BINGHAM MCCUTCHEN LLP
     Jonathan A. Loeb (SBN 162758)
2    jon.loeb@bingham.com
     Jeffrey Rosenfeld (SBN 221625)
3    jeffrey.rosenfeld@bingham.com
     1601 Cloverfield Boulevard, Suite 2050 North
4    Santa Monica, CA 90404
     Telephone: 310.907.1000
5    Facsimile: 310.907.2000

6    Attorneys for Defendants
     Empire Partners, Inc., James P. Previti,
7    Larry R. Day and Neil Miller

8            UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re EMPIRE LAND, LLC, et al., | Bk. No. 6:08-14592-MJ<br>(Substantively Consolidated)<br>Chapter 7 |
| Debtors. | |
| | Adv. No. 6:10-ap-1319-MH |
| RICHARD K. DIAMOND, Chapter 7 Trustee, | **DEFENDANTS' NOTICE OF** |
| Plaintiff, | **DEPOSITION OF THE ESTATES OF**<br>**THE SUBSTANTIVELY**<br>**CONSOLIDATED DEBTORS** |
| v. | |
| EMPIRE PARTNERS, INC. a California<br>corporation, JAMES P. PREVITI, LARRY R.<br>DAY, NEIL MILLER, PAUL ROMAN,<br>O'MELVENY & MYERS LLP, a limited<br>liability partnership, and PETER HEALY, and<br>DOES 1 through 50, inclusive, | Date:      June 17, 2014<br>Time:      10:00 a.m.<br>Location:    Bingham McCutchen LLP<br>           1601 Cloverfield Suite 2050-N<br>           Santa Monica, CA 90404 |
| Defendants. | Judge:     Hon. Mark D. Houle |

DEFENDANTS' NOTICE OF DEPOSITION OF THE
ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS

A/76183497.1

**EXHIBIT 3**
14

## NOTICE OF DEPOSITION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF the substantively consolidated estates of debtors Empire Land, LLC, Aviat Homes, L.P., Empire Construction, L.P., Empire Global Holdings, L.P., Empire Residential Construction, L.P., Empire Residential Sales, L.P., Prestige Homes, L.P., and Wheeler Land, L.P. (the "Debtors") will be taken at the offices of Bingham McCutchen LLP, 1601 Cloverfield Blvd., Suite 2050-N, Santa Monica, California, commencing at 10:00 a.m., or as soon thereafter as is reasonably possible, on June 17, 2014.

YOU ARE FURTHER NOTIFIED THAT the deponent is not a natural person. The matters on which the deponent will be examined are as follows:

1.      The amounts Debtors owed to their creditors for each month from December 2006 through December 2008, including but not limited to each specific debt of more than $1,000,000 owed to each creditor during that time period.

2.      The amounts Debtors received in revenue for each month from December 2006 through December 2008, including but not limited to revenue recorded related to each specific debt of more than $1,000,000 owed to each creditor during that time period.

3.      The amounts Debtors received in loans for each month from December 2006 through December 2008, including but not limited to each specific loan of more than $1,000,000, from each of: (a) James P. Previti; (b) The James Previti Family Trust; (c) Previti Realty Fund, LP; (d) Guardian Investment Capital, LLC; (e) Guardian Commercial Real Estate, LP, f/k/a Empire Commercial Real Estate, LP; and (f) Empire Partners, Inc., and whether each loan was repaid.

4.      The amount Debtors received in capital contributions for each month from December 2006 through December 2008, including but not limited to each specific capital contribution of more than $1,000,000, from each of : (a) James P. Previti; (b) The James Previti Family Trust; (c) Previti Realty Fund, LP; (d) Guardian Investment Capital, LLC; (e) Guardian

---

1

DEFENDANTS' NOTICE OF DEPOSITION OF THE
ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS

**EXHIBIT 3**
15

1 Commercial Real Estate, LP, f/k/a Empire Commercial Real Estate, LP; and (f) Empire Partners,

2 Inc.

3      5.     The nature of each fiduciary duty owed by each of Empire Partners, Inc., James P.

4 Previti, Larry Day, Neil Miller, and Peter Healy to each of the Debtors during each month from

5 January 2005 through April 2008.

6      6.     The nature of each fiduciary duty owed by each of Empire Partners, Inc., James

7 P. Previti, Larry Day, Neil Miller, and Peter Healy to each of the creditors of the Debtors during

8 each month from January 2005 through April 2008.

9      7.     All "development activity of Anaverde" during the time period from August 28,

10 2006 through December 31, 2006, including the amounts spent by Debtors on such activity, as

11 alleged in paragraph 60 of the complaint in this adversary proceeding.

12      8.     All development activity of Anaverde during the time period from January 1,

13 2007 and December 31, 2007, including the amounts spent by Debtors on such activity.

14      9.     The amount of Empire Land's "Liquidity" at all times during which the "IndyMac

15 Liquidity Covenant" was in effect, as those terms are used in paragraph 75 of the complaint in

16 this adversary proceeding.

17      10.     All information that Debtors, Empire Partners, Inc., James P. Previti, Larry Day,

18 Neil Miller, or Peter Healy provided to IndyMac Bank to make it appear as if Empire Land's

19 liquidity was affected by the transfers alleged in paragraph 79 of the complaint in this adversary

20 proceeding.

21      11.     Whether Empire Land complied with the CWC Loan Covenants, as alleged in

22 paragraph 90 of the complaint in this adversary proceeding, including but not limited to the

23 amount of Empire Land's liquidity and net worth as those terms are used in that paragraph.

24      12.     Any change in Debtors' total liabilities as a result of the Settlement Agreement

25 alleged in paragraphs 97 through 104 of the complaint in this adversary proceeding.

26      13.     The amounts of money actually paid by each Debtor to Empire Partners, Inc.

27 during each month from January 2005 through June 2008 as alleged in paragraphs 97 through

28 109 of the complaint in this adversary proceeding.

2

DEFENDANTS' NOTICE OF DEPOSITION OF THE
ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS

**EXHIBIT 3**

16

14.     The amounts of money that each Debtor should have paid Empire Partners, Inc. during each month from January 2005 through June 2008 for corporate overhead as alleged in paragraphs 97 through 109 of the complaint in this adversary proceeding.

15.     Each amount that Debtors actually paid for personal benefits and expenses of James P. Previti and his family as alleged in paragraph 109 of the complaint in this adversary proceeding, and the evidence that such amounts were actually paid by the Debtors.

16.     Why each amount identified on Exhibit A of Trustee's Third Supplement To "Trustee's Initial Disclosures Pursuant To Fed. R. Civ. P. 26(a)(1)(A)," is purportedly wasteful.

17.     How the Debtors' financial position would have been different if the Debtors had not continued their operations from June 2007 through the Petition Date, as alleged in paragraph 117 of the complaint in this adversary proceeding.

18.     How the Debtors' financial position would have been different if the Debtors had not continued their operations from August 21, 2007 through the Petition Date, as alleged in paragraph 125 of the complaint in this adversary proceeding.

The testimony will be recorded by audiovisual means, and the instant visual display of testimony through the use of Live Note or other real time transcription service will be employed.

A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.


DATED:  May 22, 2014                    BINGHAM MCCUTCHEN LLP


                                        By: _____
                                            Jessica A. Mahon Scoles
                                            Attorneys for Defendants
                                        Empire Partners, Inc., James P. Previti, Larry
                                            R. Day and Neil Miller

---

3

DEFENDANTS' NOTICE OF DEPOSITION OF THE
ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS

A/76183497.1

**EXHIBIT 3**
17

**PROOF OF SERVICE - Adv. No. 6:10-ap-01319 -MH**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is Bingham McCutchen LLP, 1601 Cloverfield Boulevard, Suite 2050 North, Santa Monica, CA  90404.

On May 22, 2014, a true and correct copy of the foregoing document described as:

**DEFENDANTS' NOTICE OF DEPOSITION OF THE ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS**

will be served or was served in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 22, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued

on attached page

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL**
(indicate method for each person or entity served):

VIA EMAIL AND U.S. MAIL
Roye Zur, Esq.
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
Los Angeles, CA  90067
Telephone:  310-557-0050
Facsimile:  310-557-0056
Email: rzur@lgbfirm.com

VIA EMAIL AND U.S. MAIL
Peter M. Bransten, Esq.
LANDAU GOTTFRIED & BERGER LLP
One Bush Street, Suite 600
San Francisco, CA  94101
Telephone:  415-956-1630
Facsimile:  415-399-9480
Email:  pbransten@lgbfirm.com

VIA EMAIL AND U.S. MAIL
Cynthia Cohen, Esq.
PAUL HASTINGS JANOFSKY & WALKER LLP
515 So. Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Telephone:     213-683-6275
Facsimile:     213-627-0705
cynthiacohen@paulhastings.com

4

DEFENDANTS' NOTICE OF DEPOSITION OF THE
ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS

A/76183497.1

**EXHIBIT 3**
18

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. P. 5 and/or controlling LBR, on May 22, 2014, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed. See above at Section II.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 22, 2014 | DONNA MCGEE | _(signature)_ |
| Date | Type Name | Signature |

---

5

DEFENDANTS' NOTICE OF DEPOSITION OF THE
ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS

A/76183497.1

**EXHIBIT 3**
19

EXHIBIT 4

1  BINGHAM MCCUTCHEN LLP
   Jonathan A. Loeb (SBN 162758)
2  jon.loeb@bingham.com
   Jeffrey Rosenfeld (SBN 221625)
3  jeffrey.rosenfeld@bingham.com
   1601 Cloverfield Boulevard, Suite 2050 North
4  Santa Monica, CA  90404
   Telephone:  310.907.1000
5  Facsimile:  310.907.2000

6  Attorneys for Defendants
   Empire Partners, Inc., James P. Previti,
7  Larry R. Day and Neil Miller

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

10  In re EMPIRE LAND, LLC, et al.,          Bk. No. 6:08-14592-MJ
                                             (Substantively Consolidated)
11          Debtors.                         Chapter 7

12  ─────────────────────────────           Adv. No. 6:10-ap-1319-MH

13  RICHARD K. DIAMOND, Chapter 7 Trustee,   **DEFENDANTS' NOTICE OF
                                             DEPOSITION OF RICHARD K.
14          Plaintiff,                       DIAMOND**

15          v.                               Date:      June 17, 2014
                                             Time:      2:30 p.m.
16  EMPIRE PARTNERS, INC. a California        Location:  Bingham McCutchen LLP
    corporation, JAMES P. PREVITI, LARRY R.             1601 Cloverfield Suite 2050-N
17  DAY, NEIL MILLER, PAUL ROMAN,                       Santa Monica, CA 90404
    O'MELVENY & MYERS LLP, a limited
18  liability partnership, and PETER HEALY, and   Judge:  Hon. Mark D. Houle
    DOES 1 through 50, inclusive,
19
            Defendants.
20

21

22

23

24

25

26

27

28

──────────────────────────────────────────────────
        DEFENDANTS' NOTICE OF DEPOSITION OF RICHARD K . DIAMOND

A/76187690.1

**EXHIBIT 4**
20

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF Richard K. Diamond

3    will be taken at the offices of Bingham McCutchen LLP, 1601 Cloverfield Blvd., Suite 2050-N,

4    Santa Monica, California, commencing at 2:30 p.m., or as soon thereafter as is reasonably

5    possible, on June 17, 2014.

6    YOU ARE FURTHER NOTIFIED THAT the testimony will be recorded by audiovisual

7    means, and the instant visual display of testimony through the use of Live Note or other real time

8    transcription service will be employed.

9    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

10    served is shown on the accompanying Proof of Service.

11

12

13    DATED:  May 22, 2014                    BINGHAM MCCUTCHEN LLP

14

15                                           By: _____

16                                                Jessica A. Mahon Scoles
                                                  Attorneys for Defendants
17                                           Empire Partners, Inc., James P. Previti, Larry
                                                  R. Day and Neil Miller
18

19

20

21

22

23

24

25

26

27

28

---

1

DEFENDANTS' NOTICE OF DEPOSITION RICHARD K. DIAMOND

A/76187690.1

**EXHIBIT 4**
21

1            **PROOF OF SERVICE -** Adv. No. 6:10-ap-01319 -MH

2  I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My
business address is Bingham McCutchen LLP, 1601 Cloverfield Boulevard, Suite 2050 North,
3  Santa Monica, CA  90404.

4  On May 22, 2014, a true and correct copy of the foregoing document described as:

5          **_NOTICE OF DEPOSITION OF RICHARD K. DIAMOND**

6  will be served or was served in the manner indicated below:

7  **I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing
8  document will be served by the court via NEF and hyperlink to the document. On May 22, 2014,
I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
9  that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission
at the email address(es) indicated below:

10                       ☐ Service information continued
on attached page
11

12  **II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**
(indicate method for each person or entity served):

13  **Via Email and U.S. Mail**
Roye Zur, Esq.
14  **Landau Gottfried & Berger LLP**
1801 Century Park East, Suite 700
15  Los Angeles, CA  90067
Telephone:  310-557-0050
16  Facsimile:  310-557-0056
Email: rzur@lgbfirm.com
17

   **Via Email and U.S. Mail**
18  Peter M. Bransten, Esq.
**Landau Gottfried & Berger LLP**
19  One Bush Street, Suite 600
San Francisco, CA  94101
20  Telephone:  415-956-1630
Facsimile:  415-399-9480
21  Email:  pbransten@lgbfirm.com

22  **Via Email and U.S. Mail**
Cynthia Cohen, Esq.
23  **Paul Hastings Janofsky & Walker LLP**
515 So. Flower Street, 25th Floor
24  Los Angeles, CA  90071-2228
Telephone:     213-683-6275
25  Facsimile:      213-627-0705
cynthiacohen@paulhastings.com
26

27

28

---

                      PROOF OF SERVICE

                      **EXHIBIT 4**

1

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**
(indicate method for each person or entity served): Pursuant to Fed. R. Civ. P. 5 and/or

2    controlling LBR, on May 22, 2014, I served the following person(s) and/or entity(ies) by
personal delivery, or (for those who consented in writing to such service method), by facsimile

3    transmission and/or email as follows.  Listing the judge here constitutes a declaration that
personal delivery on the judge will be completed no later than 24 hours after the document is

4    filed.  See above at Section II.

5

I declare under penalty of perjury under the laws of the United States of America that the

6    foregoing is true and correct.

7

_May 22, 2014_____   _DONNA MCGEE_____   _____

8    Date                              Type Name                          Signature

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Proof of Service

A/75923369.1

**EXHIBIT 4**
**23**

EXHIBIT 5

1    BINGHAM MCCUTCHEN LLP
     Jonathan A. Loeb (SBN 162758)
2    jon.loeb@bingham.com
     Jeffrey Rosenfeld (SBN 221625)
3    jeffrey.rosenfeld@bingham.com
     1601 Cloverfield Boulevard, Suite 2050 North
4    Santa Monica, CA  90404
     Telephone:  310.907.1000
5    Facsimile:  310.907.2000

6    Attorneys for Defendants
     Empire Partners, Inc., James P. Previti, Previti Realty
7    Fund, L.P. and The James Previti Family Trust

8                   UNITED STATES BANKRUPTCY COURT

9           CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

10   In re EMPIRE LAND, LLC, et al.,          Bk. No. 6:08-14592-MJ
                                              (Substantively Consolidated)
11              Debtors.                      Chapter 7

12   ─────────────────────────────           Adv. No. 6:10-ap-1329-MH

13   RICHARD K. DIAMOND, Chapter 7 Trustee,   **DEFENDANTS' NOTICE OF
                                              DEPOSITION OF THE ESTATES OF
14              Plaintiff,                    THE SUBSTANTIVELY
                                              CONSOLIDATED DEBTORS**
15        v.

16   EMPIRE PARTNERS, INC. a California       Date:      June 13, 2014
     corporation, JAMES P. PREVITI, PREVITI   Time:      10:00 a.m.
17   REALTY FUND, L.P. a California limited   Location:  Bingham McCutchen LLP
     partnership; THE JAMES PREVITI FAMILY               1601 Cloverfield Suite 2050-N
18   TRUST; and DOES 1 through 50, inclusive,            Santa Monica, CA 90404

19              Defendants.                    Judge:     Hon. Mark D. Houle

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────
                DEFENDANTS' NOTICE OF DEPOSITION OF THE
           ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS

A/76184230.1

**EXHIBIT 5**
24

## NOTICE OF DEPOSITION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF the substantively consolidated estates of debtors Empire Land, LLC, Aviat Homes, L.P., Empire Construction, L.P., Empire Global Holdings, L.P., Empire Residential Construction, L.P., Empire Residential Sales, L.P., Prestige Homes, L.P., and Wheeler Land, L.P. (the "Debtors") will be taken at the offices of Bingham McCutchen LLP, 1601 Cloverfield Blvd., Suite 2050-N, Santa Monica, California, commencing at 10:00 a.m., or as soon thereafter as is reasonably possible, on June 13, 2014.

YOU ARE FURTHER NOTIFIED THAT the deponent is not a natural person. The matters on which the deponent will be examined are as follows:

1.    With respect to each transfer alleged in the complaint in this adversary proceeding: (a) the date of the transfer; (b) whether money actually moved with respect to each transfer, and if so to and from where; (c) the identity of the initial transferee and each subsequent transferee; (d) how long those funds remained in the bank account of defendant, if at all; (e) whether the defendant served as a conduit with respect to the transfer; (f) whether any Debtor received a transfer from the defendant on the date of each alleged transfer and in what amount; (g) the accounting for each alleged transfer; and (h) any loss suffered by the Debtors as a result of the alleged transfer.

2.    The amounts Debtors received in loans for each month from December 2006 through December 2008, including but not limited to each specific loan, from each of: (a) James P. Previti; (b) The James Previti Family Trust; (c) Previti Realty Fund, LP; (d) Guardian Investment Capital, LLC; (e) Guardian Commercial Real Estate, LP, f/k/a Empire Commercial Real Estate, LP; and (f) Empire Partners, Inc., and whether each loan was repaid.

3.    The amount Debtors received in capital contributions for each month from December 2006 through December 2008, including but not limited to each specific capital contribution, from each of : (a) James P. Previti; (b) The James Previti Family Trust; (c) Previti

---

1

DEFENDANTS' NOTICE OF DEPOSITION OF THE
ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS

A/76184230.1

**EXHIBIT 5**
25

1   Realty Fund, LP; (d) Guardian Investment Capital, LLC; (e) Guardian Commercial Real Estate,

2   LP, f/k/a Empire Commercial Real Estate, LP; and (f) Empire Partners, Inc.

3        4.     All services provided by EPI to any Debtors during the time period at issue in the

4   complaint in this adversary proceeding.

5        5.     Evidence, if any exists, that the Debtors did not receive reasonably equivalent

6   value in exchange for each alleged transfer in the complaint in this adversary proceeding.

7        6.     Evidence, if any exists, that each of the transfers alleged in the complaint was not

8   made for reasonably equivalent value.

9        7.     Evidence, if any exists, that each of the transfers alleged in the complaint was an

10   avoidable preference.

11        8.     Evidence, if any exists, that each of the transfers alleged in the first amended

12   complaint was made with the intent to hinder, delay or defraud any creditor of any Debtor.

13        9.     Evidence, if any exists, of any conspiracy alleged in the first amended complaint

14   in this adversary proceeding, including the identities of each conspirator.

15        10.    Evidence, if any exists, of any aiding and abetting as alleged in the first amended

16   complaint in this adversary proceeding, including the identities of each individual involved in the

17   aiding and abetting.

18        11.    Evidence of whether each of the Debtors was solvent on the day of each of the

19   alleged transfers.

20        12.    Evidence, if any exists, with respect to each of the transfers alleged in the

21   complaint, that each transfer was intended to benefit any of: (a) Empire Partners, Inc.; (b) James

22   P. Previti; (b) The James Previti Family Trust; and/or (c) Previti Realty Fund, LP.

23        The testimony will be recorded by audiovisual means, and the instant visual display of

24   testimony through the use of Live Note or other real time transcription service will be employed.

25

26

27

28

---

2

DEFENDANTS' NOTICE OF DEPOSITION OF THE
ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS

**EXHIBIT 5**
26

1      A list of all parties or attorneys for parties on whom this Notice of Deposition is being

2  served is shown on the accompanying Proof of Service.

3

4  DATED: May 22, 2014              BINGHAM MCCUTCHEN LLP

5

6                         By: _____

7                              Jessica A. Mahon Scoles
                               Attorneys for Defendants
8                 Empire Partners, Inc., James P. Previti, Previti
                  Realty Fund, L.P. and The James Previti

9                        Family Trust

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

DEFENDANTS' NOTICE OF DEPOSITION OF THE
ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS

A/76184230.1

EXHIBIT 5
27

1

**PROOF OF SERVICE** - Adv. No. 6:10-ap-1329 -MH

2  I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is Bingham McCutchen LLP, 1601 Cloverfield Boulevard, Suite 2050 North,
3  Santa Monica, CA  90404.

4  On May 22, 2014, a true and correct copy of the foregoing document described as:

5  <u>DEFENDANTS' NOTICE OF DEPOSITION OF</u>
**THE ESTATES OF THE SUBSTANTIVELY CONSOLIDATED DEBTORS**
6
will be served or was served in the manner indicated below:
7
**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
8  Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 22, 2014,
9  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission
10  at the email address(es) indicated below:

☐ Service information continued
11  on attached page

12  **II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**
<u>(indicate method for each person or entity served)</u>:
13
**VIA EMAIL AND U.S. MAIL**
14  Roye Zur, Esq.
**LANDAU GOTTFRIED & BERGER LLP**
15  1801 Century Park East, Suite 700
Los Angeles, CA  90067
16  Telephone:  310-557-0050
Facsimile:  310-557-0056
17  Email: rzur@lgbfirm.com

18  **VIA EMAIL AND U.S. MAIL**
Peter M. Bransten, Esq.
19  **LANDAU GOTTFRIED & BERGER LLP**
One Bush Street, Suite 600
20  San Francisco, CA  94101
Telephone:  415-956-1630
21  Facsimile:  415-399-9480
Email:  pbransten@lgbfirm.com
22
**VIA EMAIL AND U.S. MAIL**
23  Cynthia Cohen, Esq.
**PAUL HASTINGS JANOFSKY & WALKER LLP**
24  515 So. Flower Street, 25th Floor
Los Angeles, CA  90071-2228
25  Telephone:    213-683-6275
Facsimile:    213-627-0705
26  cynthiacohen@paulhastings.com

27

28

---

PROOF OF SERVICE

1    **III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**
     (indicate method for each person or entity served): Pursuant to Fed. R. Civ. P. 5 and/or
2    controlling LBR, on May 22, 2014, I served the following person(s) and/or entity(ies) by
     personal delivery, or (for those who consented in writing to such service method), by facsimile
3    transmission and/or email as follows.  Listing the judge here constitutes a declaration that
     personal delivery on the judge will be completed no later than 24 hours after the document is
4    filed.  See above at Section II.

5
     I declare under penalty of perjury under the laws of the United States of America that the
6    foregoing is true and correct.

7
     May 22, 2014              DONNA MCGEE
8    _Date_                     _Type Name_                      _Signature_

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            2

EXHIBIT 6

1   BINGHAM MCCUTCHEN LLP
    Jonathan A. Loeb (SBN 162758)
2   jon.loeb@bingham.com
    Jeffrey Rosenfeld (SBN 221625)
3   jeffrey.rosenfeld@bingham.com
    1601 Cloverfield Boulevard, Suite 2050 North
4   Santa Monica, CA 90404
    Telephone: 310.907.1000
5   Facsimile: 310.907.2000

6   Attorneys for Defendants
    Empire Partners, Inc., James P. Previti, Previti Realty
7   Fund, L.P. and The James Previti Family Trust

8                   UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

10  In re EMPIRE LAND, LLC, et al.,        Bk. No. 6:08-14592-MJ
                                           (Substantively Consolidated)
11          Debtors.                       Chapter 7

12  _____         Adv. No. 6:10-ap-1329-MH

13  RICHARD K. DIAMOND, Chapter 7 Trustee, **DEFENDANTS' NOTICE OF
                                           DEPOSITION OF RICHARD
            Plaintiff,                     DIAMOND**
14
        v.
15                                         Date:      June 13, 2014
    EMPIRE PARTNERS, INC. a California     Time:      2:30 p.m.
16  corporation, JAMES P. PREVITI, PREVITI Location:  Bingham McCutchen LLP
    REALTY FUND, L.P. a California limited            1601 Cloverfield Suite 2050-N
17  partnership; THE JAMES PREVITI FAMILY             Santa Monica, CA 90404
    TRUST; and DOES 1 through 50, inclusive,
18                                         Judge:     Hon. Mark D. Houle
            Defendants.
19
20
21
22
23
24
25
26
27
28

        DEFENDANTS' NOTICE OF DEPOSITION OF RICHARD K .DIAMOND

A/76187184.1

**EXHIBIT 6**
30

1      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF Richard K. Diamond

3  will be taken at the offices of Bingham McCutchen LLP, 1601 Cloverfield Blvd., Suite 2050-N,

4  Santa Monica, California, commencing at 2:30 p.m., or as soon thereafter as is reasonably

5  possible, on June 13, 2014.

6      YOU ARE FURTHER NOTIFIED THAT the testimony will be recorded by audiovisual

7  means, and the instant visual display of testimony through the use of Live Note or other real time

8  transcription service will be employed.

9      A list of all parties or attorneys for parties on whom this Notice of Deposition is being

10  served is shown on the accompanying Proof of Service.

11  DATED:  May 22, 2014          BINGHAM MCCUTCHEN LLP

12

13

14                  By: _____

15                      Jessica A. Mahon Scoles
                        Attorneys for Defendants

16          Empire Partners, Inc., James P. Previti, Previti
              Realty Fund, L.P. and The James Previti
                     Family Trust

17

18

19

20

21

22

23

24

25

26

27

28

1

DEFENDANTS' NOTICE OF DEPOSITION OF RICHARD K .DIAMOND

A/76187184.1

**EXHIBIT 6**
31

1    **PROOF OF SERVICE** - Adv. No. 6:10-ap-1329 -MH

2    I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My
     business address is Bingham McCutchen LLP, 1601 Cloverfield Boulevard, Suite 2050 North,
3    Santa Monica, CA  90404.

4    On May 22, 2014, a true and correct copy of the foregoing document described as:

5    **_DEFENDANTS' NOTICE OF DEPOSITION OF RICHARD K. DIAMOND**

6    will be served or was served in the manner indicated below:

7    **I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
     Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing
8    document will be served by the court via NEF and hyperlink to the document. On May 22, 2014,
     I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
9    that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission
     at the email address(es) indicated below:

10                                                              ☐  Service information continued
     on attached page
11
     **II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**
12   (indicate method for each person or entity served):

13   Via **EMAIL AND U.S. MAIL**
     Roye Zur, Esq.
14   **LANDAU GOTTFRIED & BERGER LLP**
     1801 Century Park East, Suite 700
15   Los Angeles, CA  90067
     Telephone:  310-557-0050
16   Facsimile:  310-557-0056
     Email: rzur@lgbfirm.com
17
     Via **EMAIL AND U.S. MAIL**
18   Peter M. Bransten, Esq.
     **LANDAU GOTTFRIED & BERGER LLP**
19   One Bush Street, Suite 600
     San Francisco, CA  94101
20   Telephone:  415-956-1630
     Facsimile:  415-399-9480
21   Email:  pbransten@lgbfirm.com

22   Via **EMAIL AND U.S. MAIL**
     Cynthia Cohen, Esq.
23   **PAUL HASTINGS JANOFSKY & WALKER LLP**
     515 So. Flower Street, 25th Floor
24   Los Angeles, CA  90071-2228
     Telephone:     213-683-6275
25   Facsimile:     213-627-0705
     cynthiacohen@paulhastings.com
26

27

28

PROOF OF SERVICE

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**
(indicate method for each person or entity served): Pursuant to Fed. R. Civ. P. 5 and/or controlling LBR, on May 22, 2014, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed. See above at Section II.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 22, 2014 | Donna McGee | _Donna McGee_ |
| Date | Type Name | Signature |

A/76187754.1

**EXHIBIT 6**
33

EXHIBIT 7

| From: | Cohen, Cynthia M. |
|---|---|
| To: | Loeb, Jonathan A. (jon.loeb@bingham.com) |
| Cc: | Peter Bransten |
| Subject: | Deposition Issues |
| Date: | Wednesday, June 04, 2014 11:54:40 AM |

Jon,

I am writing to follow up on the conversation we had regarding the problems with the deposition notices your office served for Richard Diamond and the bankruptcy estate. You may consider this an effort to meet and confer.

As I told you, Richard is out of town on the 12th and 13th and has a commitment on the 17th. He is available on the 18th. More importantly, your noticing him for 3 days runs afoul of the one day seven hour rule and our longstanding agreement that any deposition would be a deposition for all three EPI cases. We discussed that certain deponents (not including Richard Diamond) might need more than one day, but that was because of the extent of the questions, not because there were three lawsuits, and, in any event, we never agreed on any multiple day depositions. We are not willing to produce Richard Diamond for more than a one day seven hour deposition. Additionally, as I also told you, serving a 30(b)(6) notice for the estates is not proper. As a general matter, a chapter 7 estate cannot be required to designate witnesses pursuant to 30(b)(6) for lawsuits dealing with prepetition matters. No one other than counsel and experts for the chapter 7 trustee and the debtors' former principals and employees (not controlled by the trustee) would have information regarding prepetition matters. Moreover, based on your lists of 30(b)(6) topics, only counsel in this litigation, counsels' experts and the defendants would have information within the topics you designated. Deposing counsel invades the attorney client and work product privileges and deposing experts violates the rules regarding expert depositions. We cannot compel the defendants to appear as our designees, but we would be happy to have you do so and we will cross examine the designees. Furthermore, your lists of topics are effectively an additional compendium of interrogatories and you have already exceeded the limits for those. In short, your service of 30(b)(6) notices for the estate and we are not willing to abide by your improper use of 30(b)(6).

Please understand that if you do not agree to a one day seven hour deposition of Richard Diamond and agree to withdraw your 30(b)(6) notices, we will have no choice but to seek the intervention of the Court and a protective order. I await your response.

Cindy



**Paul Hastings LLP**    **Cynthia M. Cohen | Of Counsel, Corporate Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6275 | Main: +1.213.683.6000 | Fax: +1.213.627.0705 | cynthiacohen@paulhastings.com | www.paulhastings.com

*************************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com

**EXHIBIT 7**
**34**

EXHIBIT 8

| From: | Cohen, Cynthia M. |
|---|---|
| To: | Loeb, Jonathan A.  (jon.loeb@bingham.com) |
| Cc: | Peter Bransten |
| Subject: | Deposition Issues Follow Up |
| Date: | Friday, June 06, 2014 3:03:11 PM |

Jon,

I am writing to Follow up on my email of June 4 regarding the problems created by your notices of deposition for Richard Diamond and the chapter estate.  I have not yet received a response to my email  and I take the absence of a response as a refusal to do what I asked you to do.  In keeping with Judge Houle's suggestions during the April 16th hearing on your Rule 37 motion, I am writing to request that you participate in a conference call to try to resolve the matters discussed in my email prior to our filing of formal pleadings seeking the relief to which I asked you to agree.  Please let me know by Monday morning if you will agree to proceed as Judge Houle suggested.

Cindy

---

**Paul Hastings LLP**

**Cynthia M. Cohen | Of Counsel, Corporate Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6275 | Main: +1.213.683.6000 | Fax: +1.213.627.0705 | cynthiacohen@paulhastings.com | www.paulhastings.com

*************************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com

EXHIBIT 9

| | |
|---|---|
| **From:** | Loeb, Jonathan A. |
| **To:** | "Cohen, Cynthia M." |
| **Cc:** | Peter Bransten; Rosenfeld, Jeffrey; Mahon Scoles, Jessica A.; Sulkhan, Marina |
| **Subject:** | RE: Deposition Issues Follow Up |
| **Date:** | Sunday, June 08, 2014 8:42:24 PM |

Cindy –

Please let us know what legal authority, if any, you have for your claim that "a chapter 7 estate cannot be required to designate witnesses pursuant to 30(b)(6) for lawsuits dealing with prepetition matters."

As you know, the Trustee designated himself as a 30(b)(6) witness for the debtors' chapter 7 estate in four adversary proceedings and testified in that capacity in each of those four adversary proceedings. In addition, the Court ordered that the estate designate such a witness in three other adversary proceedings. The four adversary proceedings in which the debtors' estate designated the Trustee as its 30(b)(6) witness, and the Trustee did testify, are: (1) *Diamond v. Guardian Investment Capital, LLC and James P. Previti,* case no. 6:10-ap-1301; (2) *Diamond v. Forecast Corporation and James P. Previti,* case no. 6:10-ap-1302; (3) *Diamond v. Guardian Commercial Real Estate, LP and James P. Previti,* case no. 6:10-ap-1307; and (4) *Diamond v. Guardian Investment Capital, LLC and James P. Previti,* case no. 6:10-ap-1318. The three additional adversary proceedings in which the Court ordered the estate to designate such a witness for a deposition on a date certain and which proceedings the Trustee dismissed prior to the deposition date are: (5) *Diamond v. James P. Previti,* case no. 6:10-ap-1278; (6) *Diamond v. Larry Day,* case no. 6:10-ap-1300; and (7) *Diamond v. Cascata Partners, LLC and Neil M. Miller,* case no. 6:10-ap-1316.

The deposition notices obligate the Trustee to designate a person or persons to engage in "a thorough and vigorous" review of all documents and other information available to the plaintiff, so that the designee(s) will be fully prepared to testify and bind the estate on each of the subject matters in the notice. A recent case in the Central District of California summarized the obligation as follows:

> "[T]he law is well-established that a 30(b)(6) deponent does have an affirmative obligation to educate himself as to the matters regarding the corporation. 'Rule 30(b)(6) explicitly requires [a company] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. . . ." Thus, "[e]ven if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed."

*Bd. of Trs. of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd.,* 253 F.R.D. 524, 526 (C.D. Cal. 2008) (internal citations omitted). The obligations are no different when a bankruptcy trustee is the plaintiff. "As a Rule 30(b)(6) witness, the trustee should have given specific, direct responses to questions . . . . a party has a duty to provide a Rule 30(b)(6) witness with the requisite knowledge and to prepare the witness, despite the difficulty of investigating the subject matter requested by the deposing party." *Herzog v. PriceWaterhouseCoopers, LLP (In re Kenny Indus. Servs., LLC),* 2009 Bankr. LEXIS 1259, at *9-10 (Bankr. N.D. Ill. June 5, 2009) (internal citations omitted).

It would be highly prejudicial for our clients to be prevented from taking a 30(b)(6) deposition of the entities that are claiming to have been the victims of the alleged breaches of fiduciary duties, alleged

**EXHIBIT 9**
36

fraudulent transfers, and alleged preferences. The history of the seven previous adversary proceedings filed by the Trustee against our clients that went to deposition, in which the Trustee did not object to designating a 30(b)(6) witness, makes it appear as if the change in tactics this time is not warranted by legal authority and is instead a tactical attempt to deny the defendants their individual and collective right to conduct discovery through depositions.

In addition, your claim that the topics of deposition in the notices are "effectively an additional compendium of interrogatories" is also without merit. The Rules apply to both interrogatories and depositions. Interrogatories are not a limit to what can be asked at deposition.

Absent compelling authority, we have no intention of withdrawing the Rule 30(b)(6) deposition notices. All rights are reserved. Jon

---

**From:** Cohen, Cynthia M. [mailto:CynthiaCohen@paulhastings.com]
**Sent:** Friday, June 06, 2014 2:56 PM
**To:** Loeb, Jonathan A.
**Cc:** Peter Bransten (pbransten@LGBFirm.com)
**Subject:** Deposition Issues Follow Up

Jon,

I am writing to Follow up on my email of June 4 regarding the problems created by your notices of deposition for Richard Diamond and the chapter estate. I have not yet received a response to my email and I take the absence of a response as a refusal to do what I asked you to do. In keeping with Judge Houle's suggestions during the April 16th hearing on your Rule 37 motion, I am writing to request that you participate in a conference call to try to resolve the matters discussed in my email prior to our filing of formal pleadings seeking the relief to which I asked you to agree. Please let me know by Monday morning if you will agree to proceed as Judge Houle suggested.

Cindy

---

Paul Hastings LLP    **Cynthia M. Cohen | Of Counsel, Corporate Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6275 | Main: +1.213.683.6000 | Fax: +1.213.627.0705 | cynthiacohen@paulhastings.com | www.paulhastings.com

*************************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*************************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com

---

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

**EXHIBIT 9**

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.

EXHIBIT 9
38

EXHIBIT 10

| From: | Loeb, Jonathan A. |
|---|---|
| To: | "Cynthia M. Cohen (cynthiacohen@paulhastings.com)" (cynthiacohen@paulhastings.com); Peter Bransten |
| Cc: | Rosenfeld, Jeffrey; Sulkhan, Marina; Mahon Scoles, Jessica A. |
| Subject: | Deposition scheduling |
| Date: | Tuesday, June 10, 2014 8:29:08 AM |

Cindy and Peter, following up on our conversation at the conclusion of Mr. Miller's deposition yesterday, I write to advise you that we are willing to agree to limit the trustee's deposition in his individual capacity in all three pending cases to seven hours in light of your agreement to limit the depositions of Mr. Previti, Mr. Miller, and Mr. Day to seven hours in all three cases. Mr. Previti is available for deposition in Orange County on July 1 or 2. We will agree to extend the lay witness discovery cut-off for purposes of his deposition. Given his work and travel schedule, those are the first available dates. Please confirm one of these dates as soon as possible.

The date you proposed for the trustee's deposition in his individual capacity is problematic. Please propose a date during the week of June 23, and we can enter a similar stipulation to extend the cut-off for purposes of that deposition.

This agreement does not impact or address our on-going meet and confer discussion regarding the Rule 30(b)(6) deposition notices we served for the estate. Yesterday, you told me you would be responding to my email from Sunday last night regarding this issue. As of now, I have not received any response from you yet. Once we see your position, we can discuss how we will proceed. All rights reserved.

Jon

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.

EXHIBIT 10
39

EXHIBIT 11

| | |
|---|---|
| **From:** | Cohen, Cynthia M. |
| **To:** | Loeb, Jonathan A. (jon.loeb@bingham.com) |
| **Cc:** | Peter Bransten |
| **Subject:** | Deposition Schedule and Follow Up |
| **Date:** | Tuesday, June 10, 2014 5:39:33 PM |
| **Attachments:** | 20140610171913661.pdf |

Jon,

I will accept the offer of Mr. Previti  for July 2, 2014 in our Orange County office.

The Trustee is available for his one day seven hour deposition on June25, 2014.

We will extend the lay discovery cutoff for these depositions.

On the Rule 30(b)(6) issue, the cases on the annexed list support our position.  I have read the cases you cite and do not think they support your position.  Even the one involving bankruptcy did not even address whether the chapter 7 estate could be compelled to designate a 30(b)(6) witness to testify about prepetition matters.  I am fully aware of why you noticed the 30(b)(6) depositions and what you did in the other cases in your summary judgment motions.  The fact that other counsel did not object as I have is not binding on me.

I hope you will withdraw your 30(b)(6) notices and, if you will not, that you will agree to take Judge Houle up on his offer for a voluntary conference call to resolve our differences.  If not, I believe we have to seek a protective order.

Cindy

**From:** Pasquale, Dianne E.
**Sent:** Tuesday, June 10, 2014 5:20 PM
**To:** Cohen, Cynthia M.
**Subject:** Chapter 7 Cases

**Paul Hastings LLP**    **Cynthia M. Cohen** | **Of Counsel, Corporate Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6275 | Main: +1.213.683.6000 | Fax: +1.213.627.0705 | cynthiacohen@paulhastings.com | www.paulhastings.com

*********************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*********************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com

**EXHIBIT 11**
**40**

EXHIBIT 12

**BINGHAM**

Jeffrey Rosenfeld
Direct Phone:  310.255.9064
jeffrey.rosenfeld@bingham.com

June 16, 2014

**Via Email**

Peter M. Bransten
Landau Gottfried & Berger LLP
One Bush St., Suite 600
San Francisco, CA 94104

Cynthia Cohen, Esq.
Paul Hastings LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

Re:  **Response to Meet and Confer re 30(b)(6) Deposition of Debtor's
      Estate in *Diamond v. EPI*, case no. 6:09-ap-1235 ("EPI-1"); *Diamond
      v. EPI, et al.*, case no 6:10-ap-1319 ("EPI-2"); and *Diamond v. EPI*,
      case no. 6:10-1329 ("EPI-3")**

Dear Mr. Bransten and Ms. Cohen:

On May 14, 2014, the parties filed Joint Status Reports in the adversary
proceedings identified above as EPI-1, EPI-2, and EPI-3.  Each of the reports
stated: "Defendants will seek to conduct the deposition of . . . the Debtors' estate
pursuant to Rule 30(b)(6)."

On May 22, 2014, defendants noticed the depositions of the estates of the
substantively consolidated debtors in each of the three remaining adversary
proceedings.  The deposition in EPI-1 was noticed for June 12, 2014; the
deposition in EPI-2 was noticed for June 17, 2014, and the deposition for EPI-3
was noticed for June 13, 2014.

On June 4, 2014, counsel for the Trustee wrote an email stating that the Trustee
was "out of town on the 12th and 13th and has a commitment on the 17th."  The
Trustee's counsel also wrote: "serving a 30(b)(6) notice for the estates is not
proper.  As a general matter, a chapter 7 estate cannot be required to designate
witnesses pursuant to 30(b)(6) for lawsuits dealing with prepetition matters."  No
deponent appeared for the substantively consolidated estates on June 12, 2012
(the date scheduled in EPI-1) or on June 13, 2014 (the date scheduled in EPI-3).

Beijing
Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
The Water Garden
Fourth Floor
North Tower
1620 26th Street
Santa Monica, CA
90404-4060

T +1.310.907.1000
F +1.310.907.2000
bingham.com

A/76210062.1

**EXHIBIT 12**
41

Peter Bransten, Esq.
Cynthia Cohen, Esq.
June 16, 2014
Page 2

On June 8, 2014, counsel for defendants responded to the email from counsel for
the Trustee, explaining the history of the many previous times that the Trustee has
designated a 30(b)(6) witness for the debtors' estate in adversary proceedings in
this bankruptcy, as well as the times in which the Court has ordered such
depositions to take place in adversary proceedings in this bankruptcy, and asking
why counsel for the Trustee had changed their position now.  Counsel for
defendants wrote:

> As you know, the Trustee designated himself as a
> 30(b)(6) witness for the debtors' chapter 7 estate in
> four adversary proceedings and testified in that
> capacity in each of those four adversary
> proceedings.  In addition, the Court ordered that the
> estate designate such a witness in three other
> adversary proceedings.
>
> The four adversary proceedings in which the
> debtors' estate designated the Trustee as its 30(b)(6)
> witness, and the Trustee did testify, are: (1)
> Diamond v. Guardian Investment Capital, LLC and
> James P. Previti, case no. 6:10-ap-1301; (2)
> Diamond v. Forecast Corporation and James P.
> Previti, case no. 6:10-ap-1302; (3) Diamond v.
> Guardian Commercial Real Estate, LP and James P.
> Previti, case no. 6:10-ap-1307; and (4) Diamond v.
> Guardian Investment Capital, LLC and James P.
> Previti, case no. 6:10-ap-1318.  The three additional
> adversary proceedings in which the Court ordered
> the estate to designate such a witness for a
> deposition on a date certain and which proceedings
> the Trustee dismissed prior to the deposition date
> are: (5) Diamond v. James P. Previti, case no. 6:10-
> ap-1278; (6) Diamond v. Larry Day, case no. 6:10-
> ap-1300; and (7) Diamond v. Cascata Partners, LLC
> and Neil M. Miller, case no. 6:10-ap-1316.
>
> The deposition notices obligate the Trustee to
> designate a person or persons to engage in "a
> thorough and vigorous" review of all documents
> and other information available to the plaintiff, so
> that the designee(s) will be fully prepared to testify

Bingham McCutchen LLP
bingham.com

A/76210062.1

**EXHIBIT 12**
42

Peter Bransten, Esq.
Cynthia Cohen, Esq.
June 16, 2014
Page 3

and bind the estate on each of the subject matters in the notice. A recent case in the Central District of California summarized the obligation as follows:

> "[T]he law is well-established that a 30(b)(6) deponent does have an affirmative obligation to educate himself as to the matters regarding the corporation. 'Rule 30(b)(6) explicitly requires [a company] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. . . ." Thus, "[e]ven if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed."

*Bd. of Trs. of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008) (internal citations omitted). The obligations are no different when a bankruptcy trustee is the plaintiff. "As a Rule 30(b)(6) witness, the trustee should have given specific, direct responses to questions . . . . a party has a duty to provide a Rule 30(b)(6) witness with the requisite knowledge and to prepare the witness, despite the difficulty of investigating the subject matter requested by the deposing party." *Herzog v. PriceWaterhouseCoopers, LLP (In re Kenny Indus. Servs., LLC)*, 2009 Bankr. LEXIS 1259, at *9-10 (Bankr. N.D. Ill. June 5, 2009) (internal citations omitted).

Bingham McCutchen LLP
bingham.com

A/76210062.1

**EXHIBIT 12**
43

Peter Bransten, Esq.
Cynthia Cohen, Esq.
June 16, 2014
Page 4

It would be highly prejudicial for our clients to be prevented from taking a 30(b)(6) deposition of the entities that are claiming to have been the victims of the alleged breaches of fiduciary duties, alleged fraudulent transfers, and alleged preferences. The history of the seven previous adversary proceedings filed by the Trustee against our clients that went to deposition, in which the Trustee did not object to designating a 30(b)(6) witness, makes it appear as if the change in tactics this time is not warranted by legal authority and is instead a tactical attempt to deny the defendants their individual and collective right to conduct discovery through depositions.

On June 10, 2014, counsel for the Trustee sent a response in which she wrote:

On the Rule 30(b)(6) issue, the cases on the annexed list support our position. I have read the cases you cite and do not think they support your position. Even the one involving bankruptcy did not even address whether the chapter 7 estate could be compelled to designate a 30(b)(6) witness to testify about prepetition matters. I am fully aware of why you noticed the 30(b)(6) depositions and what you did in the other cases in your summary judgment motions. The fact that other counsel did not object as I have is not binding on me.

The Trustee attached to her email a list of four cases. None of the cases cited by the Trustee, however, support the Trustee's contention that the Trustee is excused from producing a 30(b)(6) witness, and the Trustee did not provide any analysis. The cases do not deal with chapter 7 trustees or prohibit depositions in analogous situations.

For example, the Trustee cites *SEC v. Morelli*, F.R.D. 42 (S.D.N.Y. 1992), which in turn cites *FDIC v. Butcher*, 116 F.R.D. 196, 202 (E.D. Tenn. 1986) for the proposition that successor entities must designate deponents and educate them to testify on relevant subjects in response to a Rule 30(b)(6) notice.

The *FDIC v. Butcher* case is similar to the EPI-2 adversary proceedings filed by the Trustee. In *Butcher,* the FDIC had taken over a failed bank, and was suing its

Bingham McCutchen LLP
bingham.com

A/76210062.1

**EXHIBIT 12**
44

Peter Bransten, Esq.
Cynthia Cohen, Esq.
June 16, 2014
Page 5

former officers and directors for alleged breaches of fiduciary duties.  The
defendants served a deposition notice on the FDIC, and the FDIC claimed it had
no contemporaneous knowledge of the breaches that were alleged to have taken
place before the bank failed and should not be deposed.  The Court rejected that
position, and ordered the FDIC to designate Rule 30(b)(6) witnesses and educate
those witnesses so that "[t]he witnesses shall be prepared to answer questions
fully, unevasively and completely about discoverable matters in connection with
the subject or subjects for which they are designated.  It is the FDIC's
responsibility to prepare the witnesses to testify properly." *Id.*

Similarly, in *FDIC v. 26 Flamingo, LLC*, 2013 U.S. Dist. LEXIS 108231, 16-17
(D. Nev. Aug. 1, 2013), the Court compelled a 30(b)(6) deposition of the FDIC
that had taken over a failed entity, holding "[a] Rule 30(b)(6) deponent must
explain the organization's interpretation of the documents, give the reasons for the
interpretation, and stand subject to cross-examination."  None of the other cases
cited by the Trustee hold anything to the contrary.  In *FDIC v. Wachovia Ins.
Srvcs., Inc.*, 2007 US Dist Lexis 62538, *5 (D. Ct. 2007) the Court also allowed a
30(b)(6) deposition on certain topics.  In *In re Kevco Inc.*, 2003 Bankr. Lexis 519,
*7 (N.D. Tex. 2003) the issue was the order of depositions.  *Koken v. Lederman*,
2001 U.S. Dist. LEXIS 24144 (E.D. Pa. Oct. 25, 2001) was a one page slip
opinion, the conclusion of which (prohibiting Rule 30(b)(6) depositions where a
witness would need to "prepare in advance") counters established law on such
depositions and would effectively be a prohibition on all 30(b)(6) depositions,
because all 30(b)(6) witnesses are required to prepare themselves in advance of
the deposition.  *See Bd. of Trs. of the Leland Stanford Junior Univ. v. Tyco Int'l
Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008) ("[T]he law is well-established that a
30(b)(6) deponent does have an affirmative obligation to educate himself as to the
matters regarding the corporation.").

As we have previously explained, bankruptcy trustees can be compelled to
designate 30(b)(6) witnesses. *Herzog v. PriceWaterhouseCoopers, LLP (In re
Kenny Indus. Servs., LLC)*, 2009 Bankr. LEXIS 1259, at *9-10 (Bankr. N.D. Ill.
June 5, 2009) (discussing bankruptcy trustee's duties when testifying as 30(b)(6)
witness); *Mann v. GTCR Golder Rauner, L.L.C.*, 2006 U.S. Dist. LEXIS 14115
(D. Ariz. Mar. 28, 2006) (striking errata sheet provided by witness who testified
as 30(b)(6) designee of bankruptcy trustee after court ordered that trustee
designate such a witness); *see also In re Travelstead*, 212 B.R. 505, 509-510
(Bankr. D. Md. 1997) (internal citations omitted) (noting that debtor who sought
to understand basis for U.S. Trustee's conversion motion should have noticed a
30(b)(6) deposition of the U.S. Trustee's office instead of deposing the Assistant
U.S. Trustee individually).  Further, the Trustee's refusal to designate any witness

Peter Bransten, Esq.
Cynthia Cohen, Esq.
June 16, 2014
Page 6

at all on work product grounds is inappropriate.  The proper procedure is to
produce a witness to testify and object to any individual questions at the
deposition that invade work product.  *In re Kelton Motors, Inc.*, 130 B.R. 183,
184-85 (D. VT 2001).

The Trustee cannot avoid coming forward with a Rule 30(b)(6) witness that is
prepared to answer questions fully and to testify subject to cross-examination.
Defendants have not and will not withdraw their deposition notices.  We believe
that any resolution by the Court must follow a fully noticed motion due to the
importance of this issue.  Defendants reserve all rights.

Sincerely,

Jeffrey Rosenfeld

Bingham McCutchen LLP
bingham.com

A/76210062.1

**EXHIBIT 12**
**46**

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Landau Gottfried & Berger LLP, 1801 Century Park East, Suite 700, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled ***DECLARATION OF CYNTHIA M. COHEN IN SUPPORT OF TRUSTEE'S MOTION FOR PROTECTIVE ORDER AND TRUSTEE'S APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ***June 19, 2014,*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Richard S Berger rberger@lgbfirm.com, marizaga@lgbfirm.com;ncereseto@lgbfirm.com
Peter M Bransten PBransten@lgbfirm.com, ncereseto@lgbfirm.com;kmorin@lgbfirm.com
Cynthia M Cohen cynthiacohen@paulhastings.com
Richard K Diamond (TR) jlv@dgdk.com, rdiamond@ecf.epiqsystems.com;DanningGill@Gmail.com
Michael I Gottfried mgottfried@lgbfirm.com,
ncereseto@lgbfirm.com;kalandy@lgbfirm.com;marizaga@lgbfirm.com;echulpaeff@lgbfirm.com;levans@lgbfirm.com
Jonathan A Loeb jon.loeb@bingham.com, marina.sulkhan@bingham.com
John P Reitman jreitman@lgbfirm.com,
marizaga@lgbfirm.com;kalandy@lgbfirm.com;echulpaeff@lgbfirm.com;levans@lgbfirm.com;cboyias@lgbfirm.com
Monica Rieder mrieder@lgbfirm.com
Jeffrey Rosenfeld jeffrey.rosenfeld@bingham.com, marina.sulkhan@bingham.com
United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov
Aleksandra Zimonjic azimonjic@lgbfirm.com, marizaga@lgbfirm.com;ncereseto@lgbfirm.com;cboyias@lgbfirm.com
Roye Zur rzur@lgbfirm.com, kalandy@lgbfirm.com;marizaga@lgbfirm.com;levans@lgbfirm.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:** On ***June 19, 2014,*** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

U.S. Trustee
Office of the United States Trustee
Attn: Abram Feuerstein
3801 University Avenue, Suite 720
Riverside, California 92501

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***June 19, 2014,*** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**BY OVERNIGHT MAIL**
Presiding Judge's Copy
Honorable Mark D. Houle
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 365 / Courtroom 303
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 19, 2014 | Natalie Cereseto | *NMarlouto* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**